# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**JOYCE TOMASELLI**,                                              Chapter 7
    Debtor                                              Case No. 14-10736-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

Whereas, Joyce Tomaselli (the "Debtor") filed a voluntary Chapter 7 petition on February 27, 2014; and

Whereas, the Debtor filed an Application for Waiver of Chapter 7 Filing Fee disclosing that her monthly income was $600; and

Whereas, John Aquino was appointed Chapter 7 Trustee; and

Whereas, the Debtor filed Schedules and a Statement of Financial Affairs on February 27, 2014; and

Whereas, on Schedule A-Real Property, the Debtor listed a co-ownership interest in property located at "113-115 North End Boulevard, Salisbury, MA 01952" (the "Property"), which she valued at $499,000.00, subject to a secured claim in the sum of $251,680.00; and

Whereas, the Debtor owns the Property as a joint tenant with the right of survivorship with her sister, Gracemarie Tomaselli, who also is a Chapter 7 debtor in Case No. 13-15744-JNF; and

1

Whereas, in addition to the Property, the Debtor listed on Schedule A a distressed, uninhabited property located at 125 Haverhill Street, Lawrence, Massachusetts, and unimproved land in Rockland, Maine; and

Whereas, on Schedule B-Personal Property, the Debtor listed exempt assets and miscellaneous assets with minimal value, but she did not disclose any claims or defenses that she may have against the Town of Salisbury; and

Whereas, on Schedule on Schedule C-Property Claimed as Exempt, the Debtor claimed an exemption in the Property pursuant to 11 U.S.C. § 522(d)(1) in the sum of $132,000;[1] and

Whereas, on Schedule D-Creditors Holding Secured Claims, despite the reference to secured claims on Schedule A, the Debtor did not list any creditors with claims secured by the Property; and

Whereas, on Schedule E-Creditors Holding Unsecured Priority Claims, the Debtor listed the Rockland Maine Tax Collector and the Town of Salisbury, Massachusetts as holding

---

[1] The Chapter 7 Trustee filed a Limited Objection to the Debtor's original claim of exemption in the Property on Schedule C as the amount claimed by the Debtor exceeded the statutory exemption amount of $22, 975. The Debtor subsequently amended her claim of exemption in the Property claiming an exemption under 11 U.S.C. § 522(d)(1) in the sum of $22,975. On June 18, 2014, the Debtor withdrew her amended Schedule C, leaving the originally filed Schedule C in its place. On August 7, 2014, the Debtor filed another amended Schedule C , claiming a homestead under Mass. Gen. Laws Ch. 188, § 1. On August 12, 2014, the Court determined that the Trustee's Objection was moot because the Debtor filed an amended Schedule C claiming a homestead exemption in property located in Lawrence, Massachusetts pursuant to Mass. Gen. Laws ch. 188, § 1. On August 11, 2014, the Trustee filed an Objection to that claim of exemption, setting forth numerous reasons why his Objection to the Debtor's newly minted claim of exemption should be sustained, including her testimony under oath at the meeting of creditors that she intended to live at the Property. On August 20, 2014, the Court sustained the Trustee's Objection.

two claims, one for "1993-2000; ad valorem real estate tax and disputed betterment charges, disputed sewer user [sic] charges, dispute water charges and all related interest charges" in the amount of $25,880.00 of which $21,336.00 was entitled to priority, and one for "1993-2000; ad valorem real estate tax and disputed betterment charges, disputed sewer user [sic] charges, disputed water charges and all related interest charges," in the amount of $225,800.00, of which $19,024.00 was entitled to priority; and

Whereas, on Schedule F-Creditors Holding Unsecured Nonpriority Claims, the Debtor listed two law firms with claims for attorneys' fees relating to a case pending in the Land Court, Department of the Massachusetts Trial Court, i.e., Kopelman and Paige, P.C. and Coppola and Coppola, as well as the Penobscot Bay Road Maintenance Association with a $400 claim for road maintenance; and

Whereas, on Schedule H-Codebtors, the Debtor listed Gracemarie Tomaselli with respect to the creditors listed on Schedules E and F; and

Whereas, on her Statement of Financial Affairs, in response to question 4 regarding suits and administrative proceedings pending within one year preceding the filing, the Debtor listed a proceeding pending in the Land Court, captioned <u>Town of Salisbury v. Gracemarie R. Tomaselli and Joyce Tomaselli</u>, Case No. 06 TL 133120, which she described as a "Tax Lien Case - Complaint to Foreclose Right of Redemption; and

Whereas, the Debtor further described the proceeding as follows:

Debtor ordered to pay a disputed tax balance of $250,000 on or before September 30, 2013 or her right to redeem will be extinguished and Town of Salisbury may foreclose on property and Debtor would lose over $250,000 in equity in property;

and

Whereas, the Debtor disclosed three additional cases, including an adversary proceeding in the case of Gracemarie Tomaselli (Case No. 13-15744-JNF); and

Whereas, except for Schedule C, the Debtor has never amended her Schedules or Statement of Financial Affairs; and

Whereas, on March 20, 2014, the Town of Salisbury filed a Motion for Relief from the Automatic Stay asserting that the Property has a current assessed valuation of $287,500 and seeking permission to continue a foreclosure proceeding affecting the Property pending in the Land Court;[2] and

Whereas, the Town of Salisbury attached to its Motion the docket of proceedings in the Land Court, as well as copies of documents filed by the parties in the Land Court proceeding, including a 21-page decision containing detailed findings of fact and an analysis of applicable law, *see* Town of Salisbury v. Tomaselli, No. 06 TL 133120 (GHP), 2013 WL 142831 (Mass. Land Ct. Jan. 14, 2013), and an "Order on Plaintiff's Motion for Finding and Legal Fees, and on Defendants' Motion to Strike," dated August 2, 2013, in which the Land Court stated:

> If the Town elects not to file a request for a higher finding amount, the defendants may redeem by paying good funds in the amount of the $250,889.32 [sic] on or before Monday, September 30, 2013; if they do not timely redeem by making that payment by that date, judgment will enter upon the request of the Town, forever barring the defendants' right of redemption;"

and

Whereas, implicit in the Land Court's ruling is a determination that the Town of

---

[2] The Court granted the Town of Salisbury relief from the automatic stay in Gracemarie Tomaselli's case on January 13, 2014.

Salisbury's betterment lien against the Property is valid; and

Whereas, on April 3, 2014, the Debtor filed an Opposition to the Motion for Relief from the Automatic Stay, asserting among other things, that "the amount outstanding [for] taxes, betterment fees, sewer fees, statutory interest and fines claimed by the Town of $212,828.35 is grossly excessive, arbitrary, inaccurate, invalid and without any logical or justifiable factual foundation;" and

Whereas, on April 15, 2014, the Debtor filed an Amended Opposition reiterating the above objection; and

Whereas, on April 16, 2014, the Court conducted a hearing on the Motion for Relief from the Automatic Stay and the Debtor's Opposition, ordered the parties to submit supplemental papers by April 28, 2014 and continued the hearing to April 30, 2014; and

Whereas, the parties complied with the Court's order and supplemented the record; and

Whereas, on April 29, 2014, the Court ordered the Chapter 7 Trustee to personally appear at the April 30, 2014 hearing to report the results of his investigation of the Debtor's assets; and

Whereas, on April 30, 2014, the Court entered the following order:

> [T]he Court directs both parties to file by May 7, 2014 at 4:30 p.m. all documents they rely on in support of their respective positions and to serve them on the Chapter 7 Trustee. In addition, the parties shall brief the issue of the effect of 11 U.S.C. § 108(b) on the debtor's interest in the Salisbury property in light of the Land Court's order. A continued hearing shall be held on June 11, 2014 at 1:30 p.m.;

and

Whereas, on June 11, 2014, the Court continued the hearing on the Town of Salisbury's Motion to June 25, 2014 and, thereafter, until August 12, 2014 to afford the Chapter 7 Trustee an opportunity to review the voluminous submissions and determine his position with respect to the merits of the lift stay motion; and

Whereas, at the August 12, 2014 hearing the Court took the lift stay motion under advisement; and

Whereas, the Trustee has not filed an objection to the Motion for Relief from Stay or contested the validity of the betterment lien; and

Whereas, in In re Tomaselli, Case No. 13-15744-JNF, Slip op. at 4 (Bankr. D. Mass. Jan. 13, 2014), the bankruptcy case filed by the Debtor's sister, Gracemarie Tomaselli, the Court set forth litigation involving the Debtor and her sister which has generated published decisions, including but not limited to, the following:

> Tomaselli v. Town of Salisbury, 439 Mass. 1107, 790 N.E.2d 1090 (Mass. 2003), *denying appeal from* Town of Salisbury v. Tomaselli, 57 Mass. App. Ct. 1116, 786 N.E.2d 437 (Mass. App. Ct. 2003)(affirming directed verdict in favor of the Town of Salisbury regarding an action arising from the termination of an alcoholic beverage license for a restaurant operated by the Debtor and her sister at the Property);

> Tomaselli v. Board of Assessors of Salisbury, 455 Mass. 1102, 914 N.E.2d 331 (2009), *denying appeal from* Tomaselli v. Board of Assessors of Salisbury, 74 Mass. App. Ct. 1104, 903 N.E.2d 1144 (Mass. App. Ct. 2009) (affirming a decision of the Appellate Tax Board, which dismissed the Debtor's appeal regarding betterment assessments);

> Tomaselli v. Beaulieu, No. 08-10666, 2010 WL 1460261 (D. Mass. April 1, 2010)(adopting Report and Recommendation of Magistrate Dein, No. 08-10666, 2010 WL 1460259 (D. Mass. Mar. 10, 2010)(holding counsel to the Town of Salisbury, Kopelman and Paige, P.C. and two of its attorneys, were entitled to absolute immunity to law suit in action removed from the Essex Superior

>   Court);
>
>   Tomaselli v. Beaulieu, No. 08-10666, 2010 WL 2105347 (D. Mass. May 7, 2010, 2010)(adopting Report and Recommendation of Magistrate Dein, No. 08-10666 (holding counsel who represented the Town of Salisbury in the Land Court proceeding, Coppola and Coppola and two of its attorneys, were entitled to absolute immunity to law suit in action removed from the Essex Superior Court);
>
>   Tomaselli v. Beaulieu, __ F.Supp.2d __, 2013 WL 4780085, (D. Mass. August 30, 2013)(overruling the Tomasellis's objections to the Magistrate Judge's Report and Recommendation and sustaining the Defendants' objection to the Report and Recommendation which contained a recommendation that the Tomasellis'state claims not be decided on the merits and dismissing the Tomasellis' complaint in its entirety with prejudice);

Slip op. at 4; and

>   Whereas, in Tomaselli v. Beaulieu, the District Court stated:
>
>   Given the age of the underlying dispute, the effort expended in litigating it by all parties and the court, and the fact that the Magistrate Judge did address the merits of the state law claims, it is appropriate that the court exercise its discretion to reach a final judgment on the entire dispute. Moreover, this court is in full agreement with the recommendations pertaining to the merits of the state claims. Accordingly, the motion to dismiss the complaint is allowed as to all claims contained therein.

Tomaselli v. Beaulieu, 967 F.Supp.2d 423, 432-33 (D. Mass. 2013); and

>   Whereas, the Debtor disclosed only some of those actions in her bankruptcy filings;

and

>   Whereas, the United States Magistrate Judge, whose Report and Recommendation was adopted by the District Court on August 30, 2013, *see* Tomaselli v. Beaulieu, 967 F.Supp.2d 423 (D. Mass. 2013), set forth, in detail, the history of the "long-running dispute between the plaintiffs, Gracemarie Tomaselli and Joyce Tomaselli, and the Town of Salisbury,

7

Massachusetts, relating to a sewer betterment assessment that was imposed by the Town in 1992 and the manner in which the Town calculated the related sewer user fees," Id. at 433 (footnote omitted), as well as the claims asserted by the Debtor and her sister, which were dismissed, namely,

> claims pursuant to 42 U.S.C. § 1983 alleging violations of their First, Fifth and Fourteenth Amendment due process and equal protection rights and their comparable rights under the Massachusetts Declaration of Rights (Counts I–V), claims of unfair or deceptive acts or practices in violation of Mass. Gen. Laws ch. 93A (Counts VI and VII), claims that the defendants engaged in or conspired to enter into a criminal enterprise in violation of the Racketeer Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 (Counts VIII and IX), and a claim of conspiracy to commit and the commission of conversion, defamation, intentional infliction of emotional distress, abuse of process, invasion of privacy, intentional interference with advantageous business relations, misrepresentation and negligent misrepresentation (Count X),

Id.; and

Whereas, the Court takes judicial notice of the history of litigation between the Debtor and the Town of Salisbury set forth in Tomaselli v. Beaulieu, 967 F.Supp.2d 423 (D. Mass. 2013); and

Whereas, in the case of Gracemarie Tomaselli, the Chapter 7 Trustee abandoned the debtor's interest in the Property; and

Whereas, in Grella v. Salem Five Cent Savs. Bank, 42 F.3d 26 (1st Cir. 1994), the First Circuit stated:

> [T]he hearing on a motion for relief from stay is meant to be a summary proceeding, and the statute requires the bankruptcy court's action to be quick . . . . *see* 11 U.S.C. § 362(e). Section § 362(e) provides that a bankruptcy court must hold a preliminary hearing on a motion to lift the stay within thirty days from the date the motion is filed, or the stay will be considered lifted. A final

8

> hearing must be commenced within thirty days after the preliminary hearing. [S]ee 11 U.S.C. § 362(e).
>
> The limited grounds set forth in the statutory language, read in the context of the overall scheme of § 362, and combined with the preliminary, summary nature of the relief from stay proceedings, have led most courts to find that such hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate.

Grella, 42 F.3d at 31–32 (case citations omitted); and

Now, therefore, based upon its review of the record of proceedings in the Land Court, and the absence of an objection filed by the Chapter 7 Trustee, as well as the decisions issued by other state and federal courts, the Court concludes that the Town of Salisbury has stated a colorable claim to relief and has established "cause" within the meaning of 11 U.S.C. § 362(d)(1) for relief from the automatic stay to proceed with its foreclosure of the Debtor's right of redemption with respect to the Property which has been taken for nonpayment of taxes, municipal charges and assessments. *See* Town of Salisbury v. Tomaselli, No. 06-TL 133120, 2013 WL 142831 (Land Court Jan. 14, 2014). Thus, the Court grants it relief from the automatic stay to proceed with the action pending in the Land Court.

A party is entitled to relief under § 362(d)(1) for "cause," which includes lack of adequate protection. *See* 11 U.S.C. § 362(d)(1). Under 11 U.S.C. § 362(g), in any hearing under subsection (d) or (e) of this section concerning relief from the stay "(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g).

The Property is a vacant building that has no water or sewer service. The Land Court

entered an order providing that the Debtor and Gracemarie Tomaselli could redeem the Property with a payment of $212,828.35 with interest allowed by statute from the date of the court's finding to the date of payment. *See* Town of Salisbury v. Tomaselli, No. 06-TL 133120, 2013 WL 142831 (Land Court Jan. 14, 2014). In so doing, it stated:

> Our Supreme Judicial Court has, however, recognized a limited exception to this otherwise firm principle. In Norwood v. Norwood Civic Ass'n, the court found that the remedy provided for in G.L. c. 60, § 98, may in certain limited circumstances be asserted as a defense to foreclosure proceedings under G.L. c. 60, § 65. 340 Mass. 518, 524, 165 N.E.2d 124 (1960). Under the exception outlined in Norwood, a party who has not paid the tax up front, and who has not already commenced a separate action under G.L. c. 60, § 98, may respond to foreclosure proceedings brought by the municipality by raising the defense, "in order to avoid circuity of action." Id. If the party is able to establish facts demonstrating that the tax on which the foreclosure proceeding rests is wholly void, the tax is treated as eliminated from the tax title account, and the action for foreclosure of the resultant tax taking by definition cannot proceed. Id.
>
> This judicially created exception, however, is painfully narrow, and strictly applied. It only is available in an instance where the illegality or void nature of the assessment is entire, and so renders the underlying tax wholly void. The Norwood exception was applied in that case where it was asserted that the real estate involved was unlawfully taxed because it was by statute fully exempt from taxation. The Norwood exception to the need to bring a separate and timely Superior Court action under section 98 does not exist where some of the tax amounts underlying the foreclosure are due, and others not. In addition, on similar reasoning, the exception is available only "[w]here a taxpayer owns in the town no real estate subject to taxation. . . ." Id. at 523, 165 N.E.2d 124. For if there is some real estate lawfully taxed to some degree in the municipality, the Land Court foreclosure proceeding cannot be used to adjudicate the validity or the amount of less than all the taxes due to the town. If the party assessed owns any taxable real estate in the municipality, or if any part of the tax assessed is legally due, the rule is that the claimed 'illegal tax' is to be treated as merely excessive; the exclusive remedy for an excessive tax is abatement under G.L. c. 59, § 59. Sears, Roebuck and Co. v. Somerville, 363 Mass. 756, 757–58, 298 N.E.2d 693 (1973); Norwood, 340 Mass. at 523, 165 N.E.2d 124; Harron Communications Corp. v. Bourne, 40 Mass.App.Ct. 83, 87, 661 N.E.2d 667 (1996). "It is immaterial whether there has been . . . the calculation of the tax upon a wrong or an inapplicable principle, or other

invalidity, the statute afford ample means for obtaining relief and securing justice by a complaint for abatement." Sears, Roebuck and Co., 363 Mass. at 757–758, n. 3, 298 N.E.2d 693.

Town of Salisbury v. Tomasellis, 2013 WL 142831 at *7.[3]

---

[3] In Tomaselli v. Bd. of Assessors of Salisbury, 74 Mass. App. Ct. 1104 (2009), *review denied,* 455 Mass. 1102 (2009), the Massachusetts Appellate Court affirmed the determination of the Appellate Tax Board denying the Debtor and her sister relief from betterment assessments and sewer user charges imposed upon them by the Town of Salisbury. The court rejected the Property owners' argument "that the board should not have dismissed their appeal with respect to the betterment assessments, that the board erroneously decided their sewer user appeal, and that the board committed due process violations. The Appellate Court stated:

> The appellate route from the refusal to abate a betterment assessment is to the Superior Court pursuant to G.L. c. 80, § 7, or, pursuant to § 10, to the county commissioners. Neither c. 80, nor G.L. c. 58A, § 6, which establish the board's jurisdiction, confers jurisdiction upon the board over betterment assessments.
>
> The Tomasellis' characterization of the betterment assessments as an "illegal tax" does not affect this analysis. To the extent that the Tomasellis are attempting to assert illegality as a defense to the assessment, the board's overall lack of jurisdiction over betterment assessments precludes consideration of the issue. To the extent that the Tomasellis are attempting to assert a separate claim, the remedy for assessment of an illegal tax is through an action at law pursuant to G.L. c. 60, § 98, and is subject to the requirements set forth in that section.
>
> ***
>
> The town appears to concede on appeal that the Tomasellis' application for abatement and ensuing appeal of the sewer user charge were timely. Appellees' brief at 31 n.3. However, the Tomasellis' arguments fail on their merits.
>
> There was substantial evidence to support the conclusion that the $280.60 sewer usage charge in question was assessed correctly. The Tomasellis did not demonstrate that the method used by the town to calculate the charge was unlawful.

74 Mass. App. Ct. at 1104 (footnotes omitted).

11

The Debtor referenced a broker's comparative market analysis indicating potential equity in the Property but did not offer adequate protection payments or any evidence that the vacant Property is insured or maintained in a good state of repair. In opposing the Motion, she relies solely on the alleged illegality of the Town's betterment lien on the Property. As noted above, the Debtor has raised this argument before, and it has been uniformly rejected by all of the courts in which she raised it.

Section 362(g)(2) of the Bankruptcy Code places the burden on the debtor of proving the absence of cause, and cause includes lack of adequate protection. The Court finds that the Debtor did not prove the absence of cause, as she continues to rely on the illegality of the Town's betterment assessment and failure to comply with statutory requirements, issues which have been addressed in numerous prior court actions, including the Land Court.

In addition, the Debtor did not establish her standing to contest the Town of Salisbury's Motion for Relief from Stay. She no longer claims an exemption in the Property and has failed to argue or establish that her Chapter 7 case will likely yield a surplus entitling her to a distribution after payment of all allowed claims in full. *See generally* Kowal v. Malkemus (In re Thompson), 965 F.2d 1136 (1st Cir. 1992); In re Choquette, 290 B.R. 183 (Bankr. D. Mass. 2002). Moreover, the claims asserted by the Debtor as a defense to the Motion for Relief from the Automatic Stay mirror those asserted by Gracemarie Tomaselli in her earlier bankruptcy case where the Court granted relief from the automatic stay despite claims that the Debtor and her sister have asserted in state and federal courts spanning many years. The Debtor has failed to advance any persuasive legal or factual authority for the Court to find that the Town of Salisbury has not set forth a colorable claim to relief or that its

lien is invalid as a result of a successful action at law under Mass. Gen. Laws ch. 60, § 98.

Significantly, the Trustee failed to object to the lift stay motion, signaling his likely intention not to market and sell or otherwise administer the Property such that it will be deemed abandoned upon the closing of the case.  The Debtor originally claimed her interest in the Property as totally exempt on Schedule C, although her initial claim of exemption exceeded the statutory amount.  The Debtor has attempted to amend her exemptions to claim the Lawrence property as her homestead.  The Court, however, has sustained the Trustee's Objection to the validity of her claimed exemption in the distressed real estate in Lawrence, Massachusetts.  Moreover, any claims and defenses that the Debtor may have against the Town of Salisbury now belong to the Trustee and the Debtor's bankruptcy estate, although they were not disclosed on Schedule B.  Accordingly, to the extent that the Debtor continues to maintain that the actions of the Town of Salisbury over the past twenty plus years have been wrongful, those claims belong to the Trustee until such time as the Trustee indicates an intention to abandon them.

Not only has the Town of Salisbury stated a colorable claim for relief, the elements required for abstention also are present here.  *See generally*  11 U.S.C. § 1334(c)(1).  In view of the protracted litigation in state and federal courts and the Trustee's failure to object to the Motion for Relief from the Automatic Stay, the Land Court (or any other state court) is better positioned to resolve the remaining issues, if any, involving the Debtor's rights with respect to the Property.  Indeed, this Court is not the appropriate forum for the Debtor to raise specialized state law issues involving betterment liens and tax liens that have been the subject of prior rulings in other courts.

For those reasons, the Court shall enter an order granting the Motion for Relief from the Automatic Stay filed by the Town of Salisbury and overruling the Debtor's Opposition.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: August 29, 2014